**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **JENNIFER RAE GUNTER, CHRISTINA LYNN MILCAREK, and SANDRA ANNE BIELEN**, | Case No. 3:22-cv-93-AR |
| Plaintiffs, | **OPINION AND ORDER** |
| v. | |
| **PATRICK ALLEN and GOVERNOR KATE BROWN**, | |
| Defendants. | |

Jennifer Rae Gunter, Christina Lynn Milcarek, and Sandra Anne Bielen. Plaintiffs *pro se*.

Ellen F. Rosenblum, Oregon Attorney General, and Seth T. Karpinski, Senior Assistant Attorney General, OREGON DEPARTMENT OF JUSTICE, 1162 Court Street NE, Salem, OR 97310. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

Plaintiffs Jennifer Rae Gunter, Christina Lynn Milcarek, and Sandra Anne Bielen,

representing themselves, filed this lawsuit in federal court challenging Defendant Patrick Allen's

authority under the Oregon Constitution to continue serving as the Director of the Oregon Health

Authority (OHA). Plaintiffs seek both a temporary restraining order and a preliminary injunction

to enjoin Mr. Allen's further service as OHA's Director, along with other relief. Defendants

PAGE 1 – OPINION AND ORDER

move to dismiss, arguing that, among other things, this Court lacks subject matter jurisdiction over Plaintiffs' claims. For the reasons explained below, the Court grants Defendants' motion and denies Plaintiffs' motion as moot.

**STANDARDS**

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quotation marks omitted). As such, a court is to presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). An objection that a particular court lacks subject matter jurisdiction may be raised by any party, or by the court on its own initiative, at any time. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); Fed. R. Civ. P. 12(b)(1). The Court must dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015) (noting that when a court lacks subject-matter jurisdiction, meaning it lacks the statutory or constitutional power to adjudicate a case, the court must dismiss the complaint, even *sua sponte* if necessary).

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be either "facial" or "factual." *See Safe Air for Everyone*, 373 F.3d at 1039. A facial attack on subject matter jurisdiction is based on the assertion that the allegations contained in the complaint are insufficient to invoke federal jurisdiction. *Id.* "A jurisdictional challenge is factual where 'the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke

federal jurisdiction.'" *Pride v. Correa*, 719 F.3d 1130, 1133 n.6 (9th Cir. 2013) (quoting *Safe Air for Everyone*, 373 F.3d at 1039)). When a defendant factually challenges the plaintiff's assertion of jurisdiction, a court does not presume the truthfulness of the plaintiff's allegations and may consider evidence extrinsic to the complaint. *See Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012); *Robinson*, 586 F.3d at 685; *Safe Air for Everyone*, 373 F.3d at 1039. A factual challenge "can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency." *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996) (citation and quotation marks omitted).

A court must liberally construe the filings of a self-represented, or *pro se*, plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Further, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011) (quotation marks omitted).

## BACKGROUND

Plaintiffs filed this lawsuit on January 19, 2022, challenging Mr. Allen's authority to continue serving as the Director of the OHA. Plaintiffs contend that under the Oregon Constitution, Mr. Allen may not serve for a term longer than four years unless the Oregon Senate reconfirms him for an extended period. Plaintiffs also request a temporary restraining order and preliminary injunction to enjoin: (1) Mr. Allen from continuing to serve as the OHA's Director; and (2) the OHA from carrying out any law, rules, or policies issued or enacted after Mr. Allen's purported four-year term expired. Plaintiffs also ask the Court to "refer" Defendants to a law enforcement agency for criminal investigation.

Defendants oppose Plaintiffs' motion and move to dismiss Plaintiffs' claims, arguing that, among other things, the Court lacks subject matter jurisdiction over Plaintiffs' claims.

Defendants also state that they are immune from suit in federal court under the Eleventh Amendment, Plaintiffs lack standing, and Plaintiffs have failed to state a claim.

## DISCUSSION

Federal courts have subject matter jurisdiction over claims that invoke either federal question or diversity of citizenship jurisdiction. Federal question jurisdiction arises when the asserted claims arise under the U.S. Constitution or a federal law or treaty. *See* 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (quotation marks omitted). "A claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Arbaugh*, 546 U.S. at 513 n.10 (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)). Diversity of citizenship jurisdiction arises when the parties are citizens of different states and the amount of damages in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1).

Plaintiffs have not shown federal question jurisdiction is present in this case because they do not assert a colorable claim under the U.S. Constitution or a federal statute or treaty. Plaintiffs' First Amended Complaint refers to the First Amendment to the U.S. Constitution and also to 42 U.S.C. § 1983. Plaintiffs appear to allege that because the Oregon Senate did not "reconfirm" Mr. Allen at the end of his purported four-year term, Plaintiffs' federal rights to free speech and to vote were violated because Plaintiffs' elected state representatives in the Oregon Legislature did not carry out their state constitutional duties, as Plaintiffs believe they should have. Specifically, Plaintiffs allege that Governor Brown "censored and disenfranchised our

voice through the Senate appointment and reconfirmation process from our duly elected officials." ECF 9, ¶ 23. These allegations, however, do not present a colorable claim for a violation of any First Amendment (or other federal) right. Plaintiffs do not allege, for example, that Defendants abrogated Plaintiffs' right to express their opinions about Mr. Allen's continued service or that Defendants in any way interfered with Plaintiffs' ability to vote for state legislators (or any other elected officials). Thus, Plaintiffs' nominal invocation of the First Amendment does not create federal subject matter jurisdiction in this case.

In addition, although Plaintiffs invoke 42 U.S.C. § 1983, that provision requires a plausible allegation that a plaintiff's *federal* constitutional or statutory rights have been violated. *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States . . . ."). Because Plaintiffs fail to show a plausible claim that their First Amendment rights have been violated by Defendants' alleged actions or inactions and because Plaintiffs fail to provide any other plausible claim of a deprivation of their *federal* rights, Plaintiffs do not properly invoke § 1983.

Nor have Plaintiffs shown diversity of citizenship jurisdiction. All parties in this lawsuit are citizens of Oregon. This defeats the requirement of complete diversity. *See Demarest v. HSBC Bank USA*, 920 F.3d 1223, 1226 (9th Cir. 2019) (explaining that diversity jurisdiction requires "complete diversity of citizenship, meaning that the citizenship of each plaintiff is diverse from the citizenship of each defendant" (quotation marks omitted)).

For these reasons, the court lacks subject matter jurisdiction over Plaintiffs' claims. Because the Court lacks subject matter jurisdiction in this case, the Court declines to reach Defendants' alternative arguments in support of their motion to dismiss. Accordingly, the Court

grants Defendants' motion to dismiss and dismisses Plaintiffs' claims without prejudice. Because the Court grants Defendants' motion and dismisses all claims asserted by Plaintiffs, the Court denies Plaintiffs' motion for temporary restraining order and preliminary injunction as moot.

Finally, on April 9, 2022, Plaintiffs filed what they have titled "Motion of Withdraw[a]l, Temporary Restraining Order and First Amended Preliminary Injunction and Verified Complaint." ECF 23. In that document Plaintiffs state: "Please take notice that Plaintiffs move to withdraw complaint." *Id*. at 2. Plaintiffs did not ask to file a further amended complaint. The Court construes Plaintiffs' most recent filing as Plaintiffs' concession that this case does not belong in federal court and that Plaintiffs decline any opportunity to replead.

## CONCLUSION

The Court GRANTS Defendants' motion to dismiss. ECF 22. The Court DENIES AS MOOT Plaintiffs' motion for temporary restraining order (ECF 2) and motion for preliminary injunction (ECF 9). The Court also DENIES AS MOOT Plaintiffs' "Motion of Withdraw[a]l" (ECF 23). Because oral argument will not be helpful to the resolution of these matters, the Court STRIKES the telephonic hearing scheduled for April 12, 2022, at 2:00 p.m. (ECF 19).

**IT IS SO ORDERED**.

DATED this 11th day of April, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge